### 6851. THOMAS *v.* THE STATE.

Where the only instruction as to the rule which authorizes an inference that one found in the recent possession of goods shown to have been stolen was that "it is a principle of law that if, recently after a crime has been committed, property stolen is found in the possession of any one, the presumption is that he is the thief, provided he does not give a reasonable explanation of his possession," followed by the further instruction: "Now, if you believe this man, recently after this crime is alleged to have been committed, was found in possession of any of this property, in the absence of reasonable explanation satisfactory to the jury that he is innocent and not guilty, you would have the right to infer that he was the thief," the use of the words "this property" necessarily suggested the inference that the property, if any, which the jury

should find was found in the possession of the defendant was in fact stolen, so as to constitute an expression of an opinion as to what had been proved on one of the material issues in the case; and was therefore a violation of the provisions of the Penal Code, § 1058 (Civil Code, § 4863). For the reason just stated, the judge erred in overruling the motion for a new trial.

DECIDED APRIL 25, 1916.

Indictment for burglary; from Fulton superior court—Judge B. H. Hill. June 7, 1915.

*Munday & Cornwell*, for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, A. L. Ivey,* contra.

RUSSELL, C. J. The testimony for the State was to the effect that a burglary had been committed at the storehouse of Mr. Houston, and that some of the goods taken from the storehouse were found in the defendant's possession. The defendant denied that he had committed the burglary, and denied that the goods found in his possession were stolen, and stated that he came into possession of the goods lawfully. The learned trial judge correctly instructed the jury that when, recently after a burglary has been committed, stolen property is found in one's possession, the presumption that he is the thief may be indulged, and will authorize a conviction, unless his possession of the stolen property be satisfactorily explained. However, in applying the rule to the testimony, and in referring to the evidence in the case, his honor, no doubt incautiously, told the jury that if they believed the defendant was found in possession of any of "this property," they would have the right to infer that the defendant was the thief, in the absence of a reasonable explanation. While it is true that the possession of stolen property will authorize a presumption that the possessor is the thief, an instruction that the possession of any of "this property," when it is in dispute whether the property in the possession of the accused is in fact the stolen property, and without a further instruction that the jury must be satisfied for themselves that the property in the possession of the defendant was stolen, would leave the impression upon the minds of the jury that the judge is convinced that the property in question was stolen, and that no defense is left open to the defendant except to satisfactorily explain his possession of the stolen goods. A defendant found in possession of goods alleged to have been stolen is not required to offer an explanation until it is shown by proof that the goods were in fact stolen; and therefore even an apparent

assumption on the part of the court that the goods found in the possession of the defendant were in fact stolen is in violation of the provisions of the Penal Code, § 1058.

On the other hand, if the words "this property" referred merely to the articles alleged to have been stolen as recited by the judge in the beginning of his charge, then the instruction would not have announced a correct principle of law, unless the jury were told in addition that they must be satisfied · from the evidence that "this property" had been stolen.

<i>Judgment reversed. Broyles, J., dissents.</i>